FILED
U.S. District Court
District of Kansas
11/06/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAFAEL TOMAS PADILLA-BAQUEDANO,

Petitioner,

v.

JACOB WELSH, Warden,
Chase County Detention Center;
Field Office Director, ICE, Chicago Field Office;
DAVID VENTURELLA, Acting Director, ICE; and
MARKWAYNE MULLIN, Secretary, DHS,

Respondents.

Case No. 26-3364-JWL

# MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Honduras, entered the United States without authorization in 2013, and he was removed after expedited proceedings. In 2014, petitioner again entered without authorization, but his removal order was reinstated, and he was again removed from the United States. In 2016, petitioner entered without authorization once again, and his removal order was again reinstated, but immigration court proceedings were initiated based on petitioner's credible fear claim. In February 2017, petitioner was released on an immigration bond. On April 22, 2026, petitioner was detained by immigration officials. On August 4, 2026, the immigration court conducted a hearing and denied petitioner's application for relief from removal to Honduras, thereby authorizing his removal to that

country. Petitioner appealed that decision to the Board of Immigration Appeals (BIA) in September 2026, and that appeal remains pending. On September 28, 2026, petitioner filed the instant habeas action; respondents have filed an answer to the petition, but petitioner has not filed a traverse or reply brief by the deadline of November 4, 2026.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his continued detention by immigration authorities without a bond hearing is improper. The parties agree that because petitioner is subject to a final removal order, his detention is governed by 8 U.S.C. § 1231, which provides for mandatory detention. Petitioner's argument that his removal is not foreseeable in light of his BIA appeal (during which he cannot be removed) invokes the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), which governs a challenge to mandatory detention under Section 1231 after a final removal order.

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*See id.* at 699-700 (citations omitted).

The Court concludes that petitioner is not entitled to relief under *Zadvydas* for a violation of Section 1231(a), as his detention has not exceeded the period reasonably necessary to secure removal. Petitioner was detained for removal to Honduras pursuant to his reinstated removal order; petitioner opposed removal to that country unsuccessfully in immigration court; he is now appealing that denial; and the Government is not able to proceed with any attempts to remove him while his application for relief remains pending with the BIA. As the Court has previously held, detention during such litigation is not unreasonably indefinite, as the proceedings that are preventing her removal will be resolved. *See S.E.C. v. Olson*, 2026 WL 1993217, at *2 (D. Kan. July 10, 2026) (Lungstrum, J.), *appeal filed* (10th Cir. Sept. 8, 2026). This is not a case in which removal proceedings have concluded and the Government has been unable for a period of time to effect removal. Accordingly, detention still serves the purpose of securing petitioner's removal. As the Tenth Circuit and other federal circuits have concluded, delay caused by such legal proceedings does not make an alien's detention unreasonably indefinite under the *Zadvydas* standard. *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (rejecting a claim under *Zadvydas* where the detention was neither indefinite nor potentially permanent, as the delay was associated with a challenge to a removal order that

had a definite termination point); *G.P. v. Garland*, 103 F.4th 898, 902-03 (1st Cir. 2024) (following every circuit to have considered the issue in rejecting a *Zadvydas* challenge to post-removal-period detention during withholding-only proceedings) (citing cases). Accordingly, the Court denies any claim for a violation of Section 1231(a) under *Zadvydas*.

The Court also rejects any claim that petitioner's continued detention without a bond hearing violates due process. The Tenth Circuit has not decided whether a petitioner detained under Section 1231 may assert such a claim under due process despite failing to show an entitlement to relief under *Zadvydas*. The Court agrees with the Fourth Circuit, however, that if a petitioner cannot satisfy the Supreme Court's test from *Zadvydas*, there is no due process violation except in an exceptional case, and that that standard is not met in the case of a petitioner whose detention has been extended because of withholding-only proceedings in the immigration courts and not because of bad-faith or dilatory conduct by the Government. *See Castaneda v. Perry*, 95 F.4th 750, 760-62 (4th Cir. 2024). In this case petitioner's detention is still justified by the proper purpose of securing removal, and that detention has not become unreasonably prolonged in light of that purpose. Moreover, petitioner's eventual removal (either to Honduras or to an alternative country) is certain, in light of the reinstated removal order; petitioner's application for relief failed before the immigration judge; and petitioner's appeal to the BIA has not been unreasonably prolonged. *See Soto Vilchez v. Blanche*, 2026 WL 1978620, at *2-3 (D. Kan. July 9, 2026) (Lungstrum, J.) (rejecting a due process challenge to mandatory detention under similar facts). The Court therefore denies any claim under due process, and it thus denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge